IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OMAR W. ROSALES, | § | |
|     *Plaintiff*, | § | |
| | § | |
| V. | § | CAUSE NO. 1:21-CV-772 |
| | § | |
| TRAVIS COUNTY, TEXAS, | § | |
| HON. TIM SULAK, | § | |
| HON. SARA ECKHARDT, | § | |
| HON. MARGARET MOORE, | § | |
| HON. SALLY HERNANDEZ, | § | |
| HON. ORLINDA NARANJO, | § | |
| AND HON. DANNY THOMAS, | § | |
|     *Defendants*. | § | |

**DEFENDANT TEXAS STATE SENATOR SARAH ECKHARDT'S FIRST AMENDED MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)[1]**

TO THE HONORABLE SENIOR U. S. DISTRICT JUDGE DAVID ALAN EZRA:

    COMES NOW Defendant Texas State Senator Sarah Eckhardt,[2] former Travis County Judge, and files her First Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and asks the Court to dismiss Plaintiff's claims against her in their entirety. In support thereof, Defendant Senator Eckhardt offers the following:

---

[1] Texas State Senator Eckhardt resigned her position as the duly elected Travis County Judge, effective March 9, 2020. She was elected the Senator for Bastrop and Travis Counties in July of 2020. At the time of filing of Plaintiff's Complaint on March 2, 2021, Senator Eckhardt no longer held the position of Travis County Judge, and thus for purposes of any prospective relief sought in this lawsuit Senator Eckhardt does not have official capacity to grant any relief to Plaintiff.
[2] Hereinafter "Defendant Senator Eckhardt" or "Defendant Eckhardt".

# I.
# RELEVANT PROCEDURAL HISTORY

On January 6, 2022, the Court entered its "Order Denying Without Prejudice to Refiling: (1) Sally Hernandez's Motion to Dismiss; (2) Tim Sulak, Orlinda Naranjo, and Travis County's Motion to Dismiss;[3] and (3) Sarah Eckhardt's Motion to Dismiss; and Administratively Closing Case".[4] ECF No. 47. The Court found, upon review of the Defendants' motions, "the Fifth Circuit's pending rehearing en banc decision in *Daves v. Dallas County, Texas*, No. 18-11368, 988 F.3d 834 (5th Cir. 2021), may be relevant to the issues raised by the parties in this case, including the issue of standing." See ECF No. 47 at 1. The Court went on to find "that the interests of this case will be best served by DENYING WITHOUT PREJUDICE the pending motions to dismiss TO REFILING after the Fifth Circuit has issued its en banc decision in *Daves*." *Id.* at 2. The Order further provided the parties would have forty-five days after the Fifth Circuit's decision in *Daves* to refile any motions to dismiss in this case. The Court further "advised the parties to be prepared to address the issue of Plaintiff's standing to bring his claims should any motions to dismiss be refiled." *Id.*

On January 7, 2022, the Fifth Circuit entered and filed its en banc opinion in *Daves. See Daves v. Dallas Cnty., Tex.,* 22 F.4th 522 (5th Cir. 2022) (*Daves II*). Defendants Judge Sulak, Judge Naranjo, and Travis County now hereby timely refile their respective motions to dismiss in response to Plaintiff's Complaint[5] in this matter in response to the Court's January 6, 2022 Order[6] and the holdings of the Fifth Circuit in its en banc opinion in *Daves II*.

---

[3] Respectfully, Defendants submit that the live motion before the Court with respect to Defendants Travis County and District Judges Sulak and Naranjo was ECF No. 34, Defendants Judge Tim Sulak, Judge Orlinda Naranjo and Travis County, Texas' First Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on July 8, 2021. Therein, Defendants Judge Tim Sulak, Judge Orlinda Naranjo and Travis County, Texas withdrew their previously asserted motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) following Plaintiff's apparent attempts to cure service issues that formed the basis of the 12(b)(5) motion.

[4] Hereinafter sometimes referred to as "January 6, 2022 Order".

[5] See, ECF No. 1, Complaint.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                       Page **2** of **17**

## II.   SUMMARY OF ARGUMENTS

Plaintiff's claims against Defendant Senator Eckhardt should be dismissed on multiple grounds. First, for the reasons asserted more fully herein, Plaintiff's claims must be dismissed under well-established Fifth Circuit precedent. With respect to Plaintiff's claims against Senator Eckhardt in her individual capacity, Plaintiff failed to allege the personal involvement of Defendant Eckhardt in his alleged constitutional deprivations as required by 42 U.S.C. § 1983 for conduct performed in her individual capacity.

To the extent Plaintiff attempts to assert individual capacity claims against Defendant Eckhardt solely based on her previous capacity as the duly elected County Judge of Travis County, and the presiding officer of the Travis County Commissioners Court during her tenure as Travis County Judge, these claims must likewise fail. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. See *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

With respect to any claim for prospective declaratory and injunctive relief, Plaintiff lacks Article III standing to bring those claims against Defendant Senator Eckhardt because she no longer holds the position of Travis County Judge, nor has she held that position at any time during the pendency of this lawsuit. Accordingly, Defendant Senator Eckhardt has no legal authority or ability to provide the prospective injunctive and declaratory relief sought by Plaintiff in this lawsuit.

---

[6] See, ECF No. 47.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                          Page **3** of **17**

Plaintiff also lacks standing against all Travis County defendants for prospective injunctive and declaratory relief that is based solely on alleged past wrongful actions.[7]

In addition, with respect to any official capacity claim against Defendant Senator Eckhardt arising out of her actions taken as Travis County Judge, the Fifth Circuit's en banc decision in *Daves,* 22 F.4th 522 (*Daves II*) established that if the acts in question were not taken on behalf of Travis County with respect to establishing a bail schedule, "there is no subject-matter jurisdiction under Section 1983 against the County, as it is only through the actions of these defendant officials that the County itself could be liable to the Plaintiffs." *Daves II*, 22 F.4th at 532.

Under *Daves II*, the Fifth Circuit determined that the function of setting bail, whether for an individual case, or for schedule to be applied to all defendants, is inherently a judicial function undertaken as a part of the state judicial system, and thus an act on behalf of the state, not the county. Thus, the act of creating guidance for setting bail is "inextricably linked" to the subsequent setting of bail and is a judicial act. *Id.* at 540 (citing *Davis v. Tarrant Cnty., Tex.,* 565 F.3d 214, 226 (5th Cir. 2009)). Accordingly, under *Daves II*, even accepting as true for purposes of consideration of this motion to dismiss Plaintiff's allegation that in her capacity as Travis County Judge Defendant Eckhardt participated in approving a Travis County bail schedule, that act would be a judicial function by Defendant Eckhardt undertaken on behalf of the state, not Travis County. As a result, there would be no basis for § 1983 liability against Travis County for Defendant Senator Eckhardt's acts taken as Travis County Judge.

For all of the foregoing reasons, Plaintiff's claims against Defendant Senator Eckhardt should be dismissed.

---

[7] *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) ("Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury.")

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                    Page **4** of **17**

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b), the Court may dismiss a complaint *inter alia* for failure to state a claim upon which any relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.

### IV. ARGUMENT AND AUTHORITIES

#### A. ARGUMENTS AND BRIEF IN SUPPORT

**1. Plaintiff's Claims against Defendant Senator Eckhardt are subject to dismissal.**

  **a. Plaintiff failed to allege the personal involvement of Defendant Senator Eckhardt in his alleged constitutional deprivations as required by 42 U.S.C. § 1983 for conduct performed in her individual capacity.**

It is well established that to establish liability for constitutional violations pursuant to 42 U.S.C. § 1983, "[p]laintiffs suing governmental officials in their individual capacities ... must allege

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                   Page **5** of **17**

specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "[P]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff bringing civil rights claim under 42 U.S.C. § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom [s]he would hold responsible. See *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976) (affirmative link needed between injury and conduct of defendant).

Here, Plaintiff fails to allege any specific acts or omissions by Defendant Eckhardt that violated his individual rights. In his Complaint, Plaintiff alleges that Defendant Eckhardt violated his constitutional rights by: (a) delaying implementation of the bond reforms mandated by the United States Court of Appeals for the Fifth Circuit in the *ODonnell v. Harris County* decision;[8] (b) Defendants collectively "improperly and illegally operated a bail detention system that is unconstitutional, discriminated against the poor and minorities, hastened minority inmate deaths under mysterious circumstances at the Travis County Jail, and ran counter to current Fifth Circuit precedent regarding bail and bond procedures";[9] (c) **"Eckhardt voted as part of an administrative body to pass local rules of administration for cases in Travis County. This judge is deemed to be a policymaker for her ability to vote and ratify the bond table. Eckhardt failed to implement the *ODonnell v. Harris County* decision. Defendant Eckhardt is sued in her individual and official capacity for declaratory and injunctive relief."**[10]

---

[8] See, ECF No. 1, Complaint at pg. 2.
[9] *Id.*
[10] *Id.* at pg. 11, ¶ 23.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18   Page **6** of **17**

Plaintiff admits in his Complaint, however, that his arrest was pursuant to a capias issued by Defendant Judge Sulak, and that the capias issued by Defendant Judge Sulak set forth that he was to be arrested and detained until he posted a cash bond in the amount of $20,000.00.[11] Although Plaintiff makes the conclusory allegation that Judge Sulak "used the Travis County Bail Schedule for a **Felony crime**"[12], nowhere in his complaint, does he make specific allegations that Defendant Eckhardt was involved in, or aware of, these events or any of the other actions that followed with respect to his detention. The absence of allegations of personal involvement are fatal to Plaintiff's individual capacity claims against Defendant Eckhardt. The failure to plead with specificity and particularity any personal involvement or knowledge by Defendant Eckhardt is grounds for dismissing Plaintiff's complaint against her. *Coon v. Ledbetter*, 780 F.2d 1158, 1164 (5th Cir. 1986).

### b. Supervisory officials cannot be held liable pursuant to § 1983 based upon vicarious or respondeat superior liability.

To the extent Plaintiff attempts to assert individual capacity claims against Defendant Eckhardt solely based on her previous capacity as the duly elected County Judge of Travis County, and the presiding officer of the Travis County Commissioners Court during her tenure as Travis County Judge, these claims must likewise fail. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. See *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). To prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). See also. *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (Section 1983 supervisory liability obtains if (1) [the supervisor]

---

[11] *Id.* at pgs. 4-6; ¶¶ 7-9, Fig. 1, Capias issued by Defendant Judge Sulak.
[12] *Id.* at pg. 5; ¶ 8.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                      Page **7** of **17**

affirmatively participates in the acts that cause the constitutional deprivation, or (2) [the supervisor] implements unconstitutional policies that causally result in the constitutional injury. To establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates. (Internal quotation marks and citation omitted, alterations and emphasis in original.) Plaintiffs cannot prevail based upon generalized allegations.

In this case, Plaintiff failed to plead facts sufficient to identify specific conduct by Defendant Eckhardt, the specific constitutional violation her conduct is alleged to have caused, or how her conduct was deliberately indifferent to the alleged constitutional violation. More specifically, Plaintiff fails to allege Defendant Eckhardt directly caused a violation of his constitutional rights, or how Defendant Eckhardt was deliberately indifferent to Plaintiff's constitutional rights. Such failure is grounds for dismissing Plaintiff's § 1983 supervisory liability claims against Defendant Eckhardt.

### c. Lack of standing to assert claims for prospective declaratory and injunctive relief against Defendant Senator Eckhardt

Plaintiff lacks Article III standing to assert claims against the Defendant Judges in connection with his challenge to the Travis County bail system. Leaving the factual deficiencies of his Complaint aside, under the Fifth Circuit's holding in *Daves II*, Plaintiff lacks Article III standing to assert any claim against Defendant Eckhardt in connection with Travis County's bail system. In *Daves II*, the Fifth Circuit en banc undertook a painstaking detailed analysis of Article III standing with respect to the plaintiffs' claims regarding the Dallas County bail system, including whether the plaintiffs had standing to sue the Dallas County CCL Judges and District Judges. The *Daves II* Court held:

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18   Page **8** of **17**

> "[A]n essential and unchanging part of the case-or-controversy requirement of Article III" is the requirement that the plaintiff establish standing. To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." Stated differently, the plaintiff must demonstrate "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

*Daves II,* 22 F.4th at 542. Further, standing is not determined "in gross." To the contrary, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (Internal citations omitted.)

Thus, to have Article III standing to sue the Defendant Eckhardt with respect to his claim regarding the Travis County bail system, Plaintiff must demonstrate that he suffered an injury in fact that is "concrete, particularized, and actual or imminent" that is traceable to the actions of the Defendant Eckhardt. *Daves II,* 22 F.4th at 543-544. Applying the *Daves II* analysis to this case, Plaintiff has failed to allege any facts or law that would tie any injury sustained by Plaintiff resulting from the Travis County bail system, past or future, to the actions taken by the Defendant Eckhardt. In light of this fatal flaw, Plaintiff cannot establish Article III standing against Defendant Eckhardt connected to his allegations regarding the Travis County bail system. *Id.*

    *i.*    **Additional grounds for lack of standing to assert claims for prospective declaratory and injunctive relief against Defendant Eckhardt.**

Plaintiff lacks Article III standing to assert claims for prospective declaratory and injunctive relief against Defendant Eckhardt based solely on past wrongs. "Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact. To be an injury in fact, a threatened future injury must be (1)

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18    Page **9** of **17**

potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or 'hypothetical." *Stringer,* 942 F.3d at 720 (internal quotation marks and footnotes omitted).

Plaintiff's arrest and detention pursuant to the capias issued by Defendant Judge Sulak resulted in his detention for approximately 24 hours following his November 14, 2019 arrest. Plaintiff was not detained or rearrested subject to the capias and was not in custody at the time of filing of suit, nor does he allege an imminent threat of further detention pursuant to the alleged illegal bail detention system. Further, Plaintiff admits that he sues solely on his own behalf and does not seek relief on behalf of others.[13] It is well established that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (No Article III standing where plaintiffs sought injunctive relief against state judicial officers who allegedly had intentionally discriminated in setting bond and sentencing because although some of the plaintiffs alleged they had been injured by this discrimination in the past, none alleged they were currently detained.) The issue of Article III standing "is to be assessed under the facts existing when the complaint is filed." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992).[14]

In addition, with respect to Plaintiff's claims for prospective declaratory and injunctive relief against Defendant Eckhardt, as the former Travis County Judge, courts, including the Fifth Circuit U.S. Court of Appeals, have recognized that a plaintiff lacks standing to assert such claims against elected officials who no longer hold their elected position at the time suit was filed, and therefore the defendant does not have legal authority to grant the relief sought. See, *Serafine v. Crump*, 800

---

[13] See, ECF No. 1, Complaint at pg. 8, ¶ 16 ("Plaintiff brings this action for injunctive relief on behalf of himself.")
[14] See also, *Daves v. Dallas Cty., Tex.*, 984 F.3d 381, 392 (5th Cir. 2020), reh'g en banc granted, order vacated (on other grounds), 988 F.3d 834 (5th Cir. 2021).

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                   Page **10** of **17**

F. App'x 234 (5th Cir.), cert. denied, 141 S. Ct. 623, 208 L. Ed. 2d 230 (2020) Hdnt. 1. In that Defendant Senator Eckhardt no longer holds the position of Travis County Judge, or any other position in Travis County government, she has no ability to effectuate any injunctive relief sought in this case.

For all of the foregoing reasons, Plaintiff lacks Article III standing to assert claims for prospective declaratory and injunctive relief against Defendant Eckhardt, and accordingly such claims should be dismissed with prejudice for failure to state a claim.

### ii. Plaintiff's official capacity claims against Defendant Senator Eckhardt are subject to dismissal.

Plaintiff sues Defendant Eckhardt in her individual and official capacities. "Official capacity" suits are another way of pleading an action against an entity of which an official is an agent. *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 466-67 (5th Cir. 1999) citing *Monell vs. Dept of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978). As in any suit against a municipal unit of government, an "official capacity" defendant can only be held liable for: (1) a custom, policy, or practice; (2) that was a "moving force" behind the constitutional violation; and (3) that custom policy or practice must have been created either by its lawmakers or by those whose "edicts or acts" fairly represent official policy. *Monell,* 436 U.S. at 694. Whether an individual has policymaking authority is determined by state law. *Worsham v. City of Pasadena*, 881 F.2d 1336, 1342 (5th Cir. 1989).

Based on his Complaint, Plaintiff's allegations against Defendant Eckhardt in her official capacity should fail. With respect to any official capacity claim against Defendant Senator Eckhardt arising out of her actions taken as Travis County Judge, the Fifth Circuit's en banc decision in *Daves II* established that if the acts in question were not taken on behalf of Travis County with respect to establishing a bail schedule, "there is no subject-matter jurisdiction under

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18 Page **11** of **17**

Section 1983 against the County, as it is only through the actions of these defendant officials that the County itself could be liable to the Plaintiffs." *Daves II*, 22 F.4th at 532. In so ruling, the *Daves II* Court held that "Section 1983 litigation requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims. For purposes of Section 1983 personhood, it is state law that determines whether an official with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Id.* at 533. (Cleaned up.)

Under *Daves II*, the Fifth Circuit determined that the function of setting bail, whether for an individual case, or for schedule to be applied to all defendants, is inherently a judicial function undertaken as a part of the state judicial system. "[W]hen judges decide on a procedure for taking what indisputably will be judicial acts in the future, that decision is so intertwined with what will follow as to be a judicial act as well." *Id.* at 539. Thus, the act of creating guidance for setting bail is "inextricably linked" to the subsequent setting of bail and is a judicial act. *Id.* at 540 (citing *Davis,* 565 F.3d at 226).

Accordingly, under *Daves II*, even accepting as true for purposes of consideration of this motion to dismiss Plaintiff's allegation that in her capacity as Travis County Judge Defendant Eckhardt participated in approving a Travis County bail schedule, that act would be a judicial function undertaken as a part of the state judicial system, and thus an act undertaken on behalf of the state, not Travis County. As a result, there would be no basis for § 1983 liability against Travis County for Defendant Senator Eckhardt's act.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                         Page **12** of **17**

**d. Plaintiff fails to state a claim against Defendant Travis County pursuant to *Monell*.**

Local governmental entities may be liable for monetary, declaratory, or injunctive relief for civil rights violations pursuant to § 1983 only in the limited circumstance a constitutional tort is caused through the execution of a policy or custom of the entity. *Monell,* 436 U.S. at 691. A governmental entity is not vicariously liable under § 1983 for their employees' actions. *Monell*, 436 U.S. at 691. Local governments are responsible only for "their own illegal acts." *Monell,* 436 U.S., at 665–683); *Bd. Of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.* 588 F.3d 838, 847 (5th Cir. 2009).

As detailed below, Plaintiff has failed to allege facts establishing a formal policy or widespread custom that was the moving force behind the alleged violation of his constitutional rights. Accordingly, his claims against Defendant Travis County should be dismissed. More specifically, Plaintiff has failed to allege facts sufficient to demonstrate how Travis County's bail system was the moving force behind the violation of any of his constitutional rights. Instead, he has plead conclusory facts regarding how other "black and latinx inmates" are affected by the Travis County bail system.

**a. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*.**

In addition, Plaintiff has failed to allege any other instance of an attorney being jailed in violation of his constitutional rights in connection with a contempt of court proceeding. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*,

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                           Page **13** of **17**

unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 841 (1985). For the foregoing reasons, Plaintiff's *Monell* municipal liability claims against Travis County must be dismissed.

2. **Plaintiff's claims for costs and attorney's fees are barred by 42 U.S.C. § 1988.**

Plaintiff seeks to recover "attorneys' fees and costs under 42 U.S.C. § 1983;" for alleged federal due process violations by defendants.[15] Plaintiff cites no authorities in support of this requested relief. Plaintiff's claims for attorney's fees against Defendant Eckhardt arising out of any judicial acts taken by her in her former capacity as Travis County Judge are barred under the Federal Courts Improvement Act of 1996 ("FCIA"). In relevant part, § 1983, as amended by the Federal Courts Improvement Act of 1996 ("FCIA") provides:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983 (1996).

In addition, with respect to recovery of costs and attorneys' fees in connection with civil rights claims against judicial officers pursuant to 42 U.S.C. §1983, such claims are also barred by the express language of 42 U.S.C. § 1988(b), which provides in pertinent part,

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) Attorney's fees. Plaintiff offers nothing more than conclusory allegations which are insufficient to support such relief. See, *Texas Brine Co., LLC v. Am. Arb. Ass'n, Inc.,*

---

[15] See, Complaint, ECF No. 1 at pgs. 13 ¶33, 40 ¶135 and 44 ¶K.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                     Page **14** of **17**

No. CV 18-6610, 2018 WL 5773064, at *4 (E.D. La. Nov. 2, 2018), aff'd sub nom. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); *Corliss v. O'Brien,* 2005 WL 2334792, at *1 (M.D. Pa. Sept. 23, 2005), aff'd 200 F. App'x 80 (3rd Cir. 2006) (The FCIA amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, and to preclude costs and attorney's fees in suits against the judiciary. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Kampfer v. Scullin*, 989 F.Supp. 194, 201 (N.D.N.Y. 1997). The clear purpose of the FCIA was to protect judges from injunctive suits when acting in their adjudicatory capacities.)   See also, *Corliss*, 2005 WL 2334792, at *2, fn. 2 (citing legislative history of Section 309 of FCIA, regarding amendment of 42 U.S.C. §1983, "[t]hose statutes are now amended to preclude awards of costs and attorneys' fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate." S. REP. No. 104-366, at 36-7, (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.)  For these reasons, Plaintiff's claims for recovery of costs and attorney's fees are barred.

## V.
## PRAYER

**WHEREFORE**, Defendant State Senator Sarah Eckhardt, former Travis County Judge, prays that her First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6) be granted and that Plaintiff's claims be dismissed for lack of jurisdiction and failure to state of claim for which relief can be granted.  For these reasons, Defendant Eckhardt prays that this Court grant her First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6) for lack of jurisdiction and failure to state a claim for which relief can be granted.  Defendant also requests any and all further relief to which Defendant may be entitled, both at law and in equity.

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                        Page **15** of **17**

                                            Respectfully submitted,

                                            **DELIA GARZA**
                                            County Attorney, Travis County
                                            P. O. Box 1748
                                            Austin, Texas 78767
                                            Telephone:    (512) 854-9513
                                            Facsimile:     (512) 854-4808

                             By:     */s/ Anthony J. Nelson*
                                            ANTHONY J. NELSON
                                            Assistant County Attorney
                                            State Bar No. 14885800
                                            tony.nelson@traviscountytx.gov
                                            PATRICK T. POPE
                                            Assistant County Attorney
                                            State Bar No. 24079151
                                            Patrick.Pope@traviscountytx.gov
                                            **ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on the 22nd day of February, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Louis S. Sorola
SB No. 00794990
LAW OFFICE OF LOUIS S. SOROLA
1999 W JEFFERSON ST
BROWNSVILLE, TX 78520
(956) 504-2911
louis.sorola@yahoo.com

Elia Cornejo-Lopez
LAW OFFICE OF ELIA CORNEJO- LOPEZ
1040 FRONTAGE RD
BROWNSVILLE, TX 78520
(956) 909-6963
eclopezlaw@yahoo.com
**ATTORNEYS FOR PLAINTIFF,
OMAR W. ROSALES**

                                                                     */s/ Anthony J. Nelson*
                                                                     ANTHONY J. NELSON
                                                                     Assistant County Attorney

*Omar Rosales v. Travis County, et al.*
Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021221-5 / 374.18                                                                                                  Page **16** of **17**