## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| OMAR W. ROSALES, | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CAUSE NO. 1:21-CV-772 |
| | § | |
| TRAVIS COUNTY, TEXAS, | § | |
| HON. TIM SULAK, | § | |
| HON. SARA ECKHARDT, | § | |
| HON. MARGARET MOORE, | § | |
| HON. SALLY HERNANDEZ, | § | |
| HON. ORLINDA NARANJO, | § | |
| AND HON. DANNY THOMAS, | § | |
| *Defendants*. | § | |

---

### DEFENDANTS JUDGE TIM SULAK, JUDGE ORLINDA NARANJO, AND TRAVIS COUNTY, TEXAS' SECOND AMENDED MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

---

TO THE HONORABLE SENIOR U. S. DISTRICT JUDGE DAVID ALAN EZRA:

COMES NOW Defendants former Travis County District Court Judges Hon. Tim Sulak and Hon. Orlinda Naranjo ("Defendant Judges") and Travis County, Texas, filing their Second Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully request the Court to dismiss Plaintiff's claims against them in their entirety. In support thereof, Defendant Judges and Travis County, Texas offer the following:

### I.
### RELEVANT PROCEDURAL HISTORY

On January 6, 2022, the Court entered its "Order Denying Without Prejudice to Refiling: (1) Sally Hernandez's Motion to Dismiss; (2) Tim Sulak, Orlinda Naranjo, and Travis County's

Motion to Dismiss;[1] and (3) Sarah Eckhardt's Motion to Dismiss; and Administratively Closing Case".[2]   ECF No. 47.   The Court found, upon review of the Defendants' motions, "the Fifth Circuit's pending rehearing en banc decision in *Daves v. Dallas County, Tex.*, No. 18-11368, 988 F.3d 834 (5th Cir. 2021), may be relevant to the issues raised by the parties in this case, including the issue of standing."   See ECF No. 47 at 1.   The Court went on to find "that the interests of this case will be best served by DENYING WITHOUT PREJUDICE the pending motions to dismiss TO REFILING after the Fifth Circuit has issued its en banc decision in *Daves*."   *Id.* at 2.   The Order further provided the parties would have **forty-five days after the Fifth Circuit's decision in *Daves*** to refile any motions to dismiss in this case.   The Court further "advised the parties to be prepared to address the issue of Plaintiff's standing to bring his claims should any motions to dismiss be refiled." *Id.*

On January 7, 2022, the Fifth Circuit entered and filed its en banc opinion in *Daves. See Daves v. Dallas Cnty., Tex.,* 22 F.4th 522 (5th Cir. 2022) (*Daves II*).   Defendants Judge Sulak, Judge Naranjo, and Travis County now hereby timely refile their respective motions to dismiss in response to Plaintiff's Complaint[3] in this matter in response to the Court's January 6, 2022 Order,[4] and the holdings of the Fifth Circuit in its en banc opinion in *Daves II.*

## II.   SUMMARY OF ARGUMENTS

Plaintiff's claims against Defendant Judges Sulak and Naranjo and Defendant Travis County should be dismissed on multiple grounds.   First and foremost, the underlying premise of

---

[1] Respectfully, Defendants submit that the live motion before the Court with respect to Defendants Travis County and District Judges Sulak and Naranjo was ECF No. 34, Defendants Judge Tim Sulak, Judge Orlinda Naranjo and Travis County, Texas' First Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on July 8, 2021.   Therein, Defendants Judge Tim Sulak, Judge Orlinda Naranjo and Travis County, Texas withdrew their previously asserted motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) following Plaintiff's apparent attempts to cure service issues that formed the basis of the 12(b)(5) motion.

[2] Hereinafter sometimes referred to as "January 6, 2022 Order".

[3] See, ECF No. 1, Complaint.

[4] See, ECF No. 47.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                                     Page **2** of 22

Plaintiff's entire lawsuit is fatally flawed and defeated by the holding of the Fifth Circuit in its *en banc* opinion in *Daves II*.  In *Daves II*, the Fifth Circuit held that: (a) Dallas County could not be held liable under § 1983 for the actions of its district and county court at law judges with respect to their alleged actions in establishing the county's bail system; and (b) the arrestee plaintiffs lacked Article III federal standing to sue the county's district and county court at law judges with respect to their actions pertaining to the county's bail system.

In so ruling, the *Daves en banc* court expressly overruled the Fifth Circuit's prior decisions in *ODonnell v. Harris County,* 882 F.3d 528 (5th Cir. 2018) opinion withdrawn and superseded on reh'g sub nom., *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018) (*ODonnell I*), *ODonnell v. Goodhart,* 900 F.3d 220 (5th Cir. 2018) (*ODonnell II*) and the prior panel decision in *Daves v. Dallas Cnty., Tex.,* 984 F.3d 381 (5th Cir. 2020) reh'g en banc granted, order vacated*, 988 F.3d 834 (5th Cir. 2021).  See*, *Daves II,* 22 F.4th at 522, 534-541.

The *Daves II en* banc opinion vitiates Plaintiff's lawsuit and theory of liability against Defendants Travis County and District Judges Sulak and Naranjo.  As this Court is aware, the underlying premise of Plaintiff's Complaint is that Travis County, Judge Sulak, and Judge Naranjo, along with the other named Travis County Defendants, "delayed implementing the bond reforms mandated by the United States Court of Appeals for the Fifth Circuit in the *ODonnell v. Harris County* decision."[5]  Plaintiff alleges "[t]hese actions led to the illegal incarceration of hundreds of black and latinx inmates in the Travis County Jail, including the Plaintiff."[6]  Plaintiff alleges throughout his Complaint that Defendants' actions with respect to the failure to implement *ODonnell* violated his constitutional rights.[7]

---

[5] See, ECF No. 1, Complaint at 2.
[6] *Id.*
[7] Id. at ¶¶ 1, 13, 22-24, 26, 30, 34, 36, 49, 51, 55, 59, 72, 75, 79, 82, 92, 119-120, 134; pg. 43, ¶ F.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                 Page 3 of 22

The *Daves II en banc* opinion expressly overrules the Fifth Circuit's prior holdings in *ODonnell I, ODonnell II, and Daves I* relied upon by Plaintiff as the legal basis for his claims against Travis County[8] and District Judges Sulak[9] and Naranjo,[10] i.e., a suit for injunctive relief for constitutional violations based on an alleged delay in implementing bond reforms required by *ODonnell I & II and Daves I.* Plaintiff has not previously -and certainly cannot now- provide any legal authority for the proposition that the now overruled holdings by the Fifth Circuit pertaining to Harris County and Dallas County with respect to their bail systems in *ODonnell* and *Daves* were binding on Travis County with respect to its bail system at the time of Plaintiff's arrest and detention. Plaintiff is clearly foreclosed from showing that the overruled holdings in *ODonnell* and *Daves* provide legal authority that would support prospective declaratory or injunctive relief with respect to his claims against these defendants.

Under the holding of *Daves II*, the respective actions of Defendant Judge Sulak and Defendant Judge Naranjo's taken with respect to: (a) issuance of the capias for Plaintiff's arrest; (b) presiding over the challenged proceedings with respect to the underlying civil case and judgment; (c) the proceedings addressing his detention; and (d) the contempt proceedings were actions taken by a judge "exercising state judicial power and thus acting for the state." *Daves II*, 22 F.4th at 540-541. As such, under *Daves II* Plaintiff lacks standing to proceed against Defendant District Judges Sulak and Naranjo, and as result of their actions being undertaken on

---

[8] Plaintiff sues Travis County as a party, alleging "[t]he Travis County Commissioner's [sic] Court is the final policymaker for funding and operating a personal bond office." ECF No. 1, Complaint at ❡ 19.
[9] Plaintiff sues "[f]ormer District Judge and Defendant Tim Sulak as "the judge who signed the arrest warrant" and further alleges that Judge Sulak "voted as part of an administrative body to pass local rules of administration for felony cases in Travis County. {Judge] Sulak is deemed to be a policymaker for his ability to set bond amounts and order arrest of Defendants in civil cases." ECF No. 1, Complaint at ❡❡ 20, 22.
[10] Plaintiff sues Defendant District Judge Naranjo for her actions taken as a district judge presiding over Plaintiff's contempt proceeding, and for "fail[ing]to follow the *ODonnell v. Harris County* decision. ECF No. 1, Complaint at ❡ 26.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page **4** of 22

behalf of the state, their actions cannot form the basis for liability against Travis County under *Daves II* and *Monell*. *Id.* at 544.

Furthermore, with respect to District Judges Sulak and Naranjo, even if the Court were to determine Plaintiff had Article III standing to assert any of his claims against them, such claims would still be barred by Eleventh Amendment immunity and absolute judicial immunity for their respective actions taken in presiding over hearings in connection with the underlying state court case Plaintiff was involved in, including, but not limited to, issuance of the capias for Plaintiff's arrest and the contempt of court proceedings against him.

In addition, with respect to any claim for prospective declaratory and injunctive relief, Plaintiff lacks standing to bring those claims against Defendant Judges Sulak and Naranjo because neither judge is currently an elected judge and Plaintiff is unlikely to appear before them again in the same or similar posture.[11] In addition, claims for prospective declaratory and injunctive relief against Judges Sulak and Naranjo are also barred by the express provisions of the Federal Courts Improvement Act of 1996 ("FCIA"). Plaintiff also lacks standing against all Travis County defendants for prospective injunctive and declaratory relief that is based solely on alleged past wrongful actions.[12]

Finally, in light of *Daves II*, Plaintiff's claims against Travis County must likewise fail. Plaintiff has not and cannot allege any facts with respect to Travis County sufficient to establish Article III standing against the county with respect to Plaintiff's challenge to the Travis County bail system. Plaintiff also fails to allege facts sufficient to establish a policy, custom, or practice of Travis County that was a moving force behind the violation of any of Plaintiff's constitutional

---

[11] See, *Serafine v. Crump,* 800 F. App'x 234 (5th Cir. 2020), cert. denied, 141 S. Ct. 623 (2020) Hdnt. 1.
[12] *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) ("Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury.")

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                  Page **5** of **22**

rights.  For all the foregoing reasons, Plaintiff's claims against Defendant District Judges Sulak and Naranjo and Defendant Travis County should be dismissed.

### III.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b), the Court may dismiss a complaint *inter alia* for failure to state a claim upon which any relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.

### IV.    ARGUMENT AND AUTHORITIES

#### A.  ARGUMENTS AND BRIEF IN SUPPORT

**1.  Plaintiff's Claims against Defendant Judges Sulak and Naranjo are subject to dismissal.**

  **a.  With respect to setting bail, state district judges in Texas are state actors entitled to Eleventh Amendment sovereign immunity.**

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                      Page 6 of 22

In his Complaint, Plaintiff attempts to characterize his lawsuit in broad strokes, asserting "Defendants improperly and illegally operated a bail detention system that is unconstitutional, discriminated against the poor and minorities, hastened minority inmate deaths under mysterious circumstances at the Travis County Jail, and ran counter to current Fifth Circuit precedent regarding bail and bond procedures."  ECF No. 1 at 2.  Plaintiff makes this broad assertion even though he files suit solely on his own behalf,[13] and by his own admission, was never detained pursuant to bail set by any named defendant or other Travis County judge in accordance with any Travis County bail schedule or system.[14] Rather, by his own admission, Plaintiff was arrested and detained pursuant to a capias issued by Defendant Judge Sulak.[15]

Jurisdictional issues such as standing should be taken up before reaching the merits of a case, but "there is no mandatory sequencing of jurisdictional issues." *Daves II,* 22 F.4th at 532.  In *Daves II,* the Fifth Circuit held that with respect to the Plaintiffs' claims against Dallas County regarding its bail system, as a preliminary matter, if none of the named defendants were acting on behalf of Dallas County on bail matters, "there is no subject-matter jurisdiction under Section 1983 against the County, as it is only through the actions of these defendant officials that the County itself could be liable to the Plaintiffs."  *Daves II,* 22 F.4th at 532.  Accordingly, in that this motion addresses both the claims against the Defendant Judges and Travis County, in context, with respect to understanding the *Daves II* Court's reasoning, Defendants submit it is helpful to take the arguments in the order presented in the opinion.

The *Daves II* Court held that "Section 1983 litigation requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims.  For purposes of Section 1983 personhood, it is state law that determines whether an official

---

[13] See, ECF No. 1, Complaint at 8, ¶ 16 ("Plaintiff brings this action for injunctive relief on behalf of himself.").
[14] *Id.* at 6; 10, ¶20.
[15] *Id.* at 6.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                                    Page 7 of 22

with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Id.* at 533. (Cleaned up.) "A determination of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law. . . . [W]e examine function, not funding, when deciding whether an official is acting for the state or local government in a case brought pursuant to Section 1983." *Id.*

The *Daves II* Court proceeded to examine under Texas state law the function of Texas statutory county judges and district judges with respect to establishing the Dallas County bail system. *Id.* at 534. With respect to the statutory county judges, i.e., county court-at-law judges ("CCL Judges"), the *Daves II* Court determined that under Texas state law, CCL Judges "hold judicial, not hybrid, statutory offices", and while they are county officers for some purposes, it is not an all or nothing proposition. *Id.* at 535-536. "[W]hen judges are engaged in their judicial functions, they are state actors." *Id.* at 538. (Citing *State ex rel. Peden v. Valentine,* 198 S.W. 1006, 1008 (Tex. Civ. App.—Fort Worth 1917, writ ref'd).

The last, and at least to some extent, determinative factor as to the Section 1983 analysis is whether, with respect to their actions taken regarding the bail schedule, the CCL Judges were exercising judicial power and thus acting for the state. The *Daves II* Court determined that because the Texas Constitution provides that "judges exercise state judicial power generally; bail is a right granted by the state constitution; and the process for determining bail is controlled by state statutes", such decisions by CCL Judges with respect to the bail schedule were made acting for the state. *Id*. at 539 -540. (Cleaned up.)[16] **In so doing, the *Daves II* Court expressly overruled the *ODonnell***

---

[16] "[W]hen judges decide on a procedure for taking what indisputably will be judicial acts in the future, that decision is so intertwined with what will follow as to be a judicial act as well." *Id.* at 539. "Thus, the act of creating guidance for setting bail is "inextricably linked" to the subsequent setting of bail and is a judicial act. *Id.* at 540 (citing *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 226 (5th Cir. 2009)).

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                 Page **8** of 22

opinions on this issue. *Id.* at 540. Turning to the defendant district judges, applying the same general analysis, the *Daves II* Court, citing as additional authority Article V, Section 7 of the Texas Constitution[17] and *Clanton v. Harris County*,[18] held that "when these district judges made a bail schedule, they acted as officers of the state judicial system." *Id.* at 540-541.

As state actors, it is well established that Defendant Judges are entitled to Eleventh Amendment sovereign immunity with respect to suits against them for monetary damages pursuant to § 1983. See, *Daves v. Dallas Cnty. Tex.,* 984 F.3d 381, 395-398 (5th Cir. 2020) *overruled on other grounds* 22 F.4th 522 (5th Cir. 2022). Therefore, to the extent Plaintiff asserts claims against the Defendant Judges for damages, those claims are barred.

The protections afforded by Eleventh Amendment sovereign immunity to suit for damages, however, do not apply to "suits for prospective ... relief against state officials [in their official capacities] acting in violation of federal law" under the *Ex parte Young* exception. *Daves*, 984 F.3d at 398. For the reasons set forth in detail below, Plaintiff's claims for prospective declaratory and injunctive relief against the Defendant Judges must also fail. The Court need not reach Eleventh Amendment immunity, before determining threshold jurisdictional issues, such as standing.

> **b. Under the Fifth Circuit's holding in *Daves II*, Plaintiff lacks Article III standing to assert claims against district court judges in connection with his challenge to the Travis County bail system.**

Plaintiff lacks Article III standing to assert claims against the Defendant Judges in connection with his challenge to the Travis County bail system. Leaving the factual deficiencies of his Complaint aside, under the Fifth Circuit's holding in *Daves II*, Plaintiff lacks Article III standing to assert any claim against Defendant Judges Sulak and Naranjo, or any other Travis County elected

---

[17] "The State shall be divided into judicial districts, with each district having one or more Judges as may be provided by law or by this Constitution." Tex. Const. art. V, § 7.

[18] *Clanton v. Harris Cnty.*, 893 F.2d 757, 758 (5th Cir. 1990) (Texas district judges "are undeniably elected state officials." quoting *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 744 (5th Cir. 1986)).

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                     Page **9** of 22

district judge, in connection with Travis County's bail system. In *Daves II*, the Fifth Circuit en banc undertook a painstaking detailed analysis of Article III standing with respect to the plaintiffs' claims regarding the Dallas County bail system, including whether the plaintiffs had standing to sue the Dallas County CCL Judges and District Judges.  The *Daves II* Court held:

> "[A]n essential and unchanging part of the case-or-controversy requirement of Article III" is the requirement that the plaintiff establish standing.  To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief."  Stated differently, the plaintiff must demonstrate "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

*Daves II,* 22 F.4th at 542.  Further, standing is not determined "in gross."  To the contrary, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  *Id.* (Internal citations omitted.)

Thus, to have Article III standing to sue the Defendant Judges with respect to his claim regarding the Travis County bail system, Plaintiff must demonstrate that he suffered an injury in fact that is "concrete, particularized, and actual or imminent" that is traceable to the actions of the Defendant Judges.  *Daves II,* 22 F.4th at 543-544.  Applying the *Daves II* analysis to this case, Plaintiff has failed to allege any facts or law that would tie any injury sustained by Plaintiff resulting from the Travis County bail system, past or future, to the actions taken by the Defendant Judges.  In light of this fatal flaw, Plaintiff cannot establish Article III standing against the Defendant Judges connected to his allegations regarding the Travis County bail system.  *Id.*

### c.  Additional grounds for lack of standing to assert claims for prospective declaratory and injunctive relief against Defendant Judges Sulak and Naranjo.

With respect to Plaintiff's claims for prospective declaratory and injunctive relief against the Defendant Judges, the Fifth Circuit has also recognized that a plaintiff lacks standing to assert such

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page 10 of 22

claims against judges who no longer hold an elected bench, and the plaintiff is not likely to be in the same procedural status before that judge on the issues asserted in the future. See, *Serafine*, 800 F. App'x 234 ("Lawyer did not have Article III standing to bring action for declaratory and injunctive relief against judge and three justices who presided over state-court proceedings in which she was a party [where] there was little chance she would appear again as a similarly situated party before judge). Plaintiff has not articulated any facts upon which this Court could find that Plaintiff is likely to appear before either Judge Sulak or Judge Naranjo again in a similar posture.

In addition to lack of standing to assert claims for prospective declaratory and injunctive relief against the Defendant Judges pursuant to the Fifth Circuit's holding in *Serafine,* Plaintiff lacks standing against *all* Travis County defendants for prospective injunctive and declaratory relief that is *based solely on alleged past wrongful actions*. "Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact. To be an injury in fact, a threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or 'hypothetical." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (internal quotation marks and footnotes omitted).

Plaintiff's arrest and detention pursuant to the capias issued by Defendant Judge Sulak resulted in his detention for approximately 24 hours following his November 14, 2019, arrest. Plaintiff was not detained or rearrested subject to the capias. Plaintiff was not in custody at the time of filing of suit, nor does he allege an imminent threat of further detention pursuant to the alleged illegal bail detention system, or the future acts of any named Travis County defendant. Further,

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page **11** of 22

Plaintiff admits that he sues solely on his own behalf and does not seek relief on behalf of others.[19]

It is well established that "[p]ast exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse

effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).[20]   The issue of Article III standing "is to

be assessed under the facts existing when the complaint is filed." *Lujan v. Defs. of Wildlife*, 504

U.S. 555, 569 n.4 (1992).[21]   The facts alleged by Plaintiff fail to establish standing against the

Defendant Judges at any time relevant to his Compliant.

### d.  Absolute Judicial Immunity

Should this Court determine that Plaintiff has Article III standing to proceed against

Defendant Judges in their individual capacities, Plaintiff's claims for damages are still barred by

Eleventh Amendment immunity and absolute judicial immunity.

As noted by this Court on numerous occasions, "[i]t is well settled law that a judge enjoys

absolute immunity from liability for damages for judicial acts performed within his jurisdiction.

*Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).   The doctrine of absolute judicial immunity

protects judges not only from liability, but also from suit.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Motive of the judicial officer is irrelevant when considering absolute immunity.   See *Mitchell v.*

*McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts

not performed in clear absence of all jurisdiction, however erroneous the act and however evil the

motive.").[22]   "[M]ere allegations a judge performed judicial acts pursuant to a bribe or a conspiracy

will not suffice to overcome absolute immunity.  *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir.

1985), cert. denied, 474 U.S. 1037, 106 S. Ct. 605 (1985).   For these reasons, allegations of bad

---

[19] See, ECF No. 1, Complaint at pg. 8, ⁋ 16 ("Plaintiff brings this action for injunctive relief on behalf of himself.")
[20] *O'Shea*, 414 U.S. at 495–96. (No Article III standing where plaintiffs sought injunctive relief against state judicial officers who allegedly had intentionally discriminated in setting bond and sentencing because although some of the plaintiffs alleged they had been injured by this discrimination in the past, none alleged they were currently detained.)
[21] See also, *Daves*, 984 F.3d at 392.
[22] See, e.g., *Story v. Strother*, 2016 WL 2889090, at *2 (W.D. Tex. May 17, 2016) (Pitman, J.).

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page **12** of 22

faith and malice against a judicial officer fail to state a cognizable cause of action under the federal civil rights laws.

"Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireles,* 502 U.S. at 12).[23]

"In determining whether a judge's actions were "judicial in nature," the federal courts consider whether (1) the precise act complained of is a normal judicial function; (2) the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) the controversy centered around a case pending before the court; and (4) the acts arose directly out of a visit to the judge in his official capacity. *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Mireles*, 502 U.S. at 12; *Stump v. Sparkman*, 435 U.S.349, 362 (1978). These four factors are broadly construed in favor of immunity and the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. See, *Davis*, 565 F.3d at 223; *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), cert. denied, 474 U.S. 1101 (1986)."[24] Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes. See, *Adams*, 764 F.2d at 298.[25]

---

[23] *Id.*
[24] *Id.* at *17.
[25] *Id.*

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page 13 of 22

As applied to this case, the actions of Judge Sulak and Judge Naranjo are entitled to judicial immunity because they were acts done in their respective judicial capacities with respect to the contempt of court proceedings involving Plaintiff, and the capias bond issued by Judge Sulak, which were acts performed by each judge within the scope of the court's jurisdiction.

Plaintiff has not alleged that Judge Sulak and Judge Naranjo's acts were non-judicial. Each of the acts complained of is a "normal judicial function"; occurred in the courtroom; relate directly to Plaintiff's contempt proceedings pending before the court; and arose directly out of the contempt proceedings. Under well-established U.S. Supreme Court and Fifth Circuit authority, the Defendant Judges' actions were clearly judicial in nature.

Further, none of Judge Sulak or Judge Naranjo's alleged wrongful acts were taken in complete absence of all jurisdiction. Allegations that Judge Sulak or Judge Naranjo erred in granting relief or exceeded their jurisdiction regarding the relief granted are insufficient to deprive them of judicial immunity for their respective acts. Likewise, conclusory allegations of fraud, conspiracy, corruption, and various other vague allegations of criminal activity, devoid of supporting facts, are insufficient to defeat absolute judicial immunity. See, *Carter v. Carter*, 575 F. App'x 530 (5th Cir. 2014). Accordingly, the Defendant Judges are each entitled to absolute judicial immunity from liability and suit, and Plaintiff's pleadings are insufficient to rebut the defense of absolute judicial immunity. This includes, but is not limited to, Plaintiff's claims for civil rights conspiracy in violation of 42 USC §1985(3).

### e. Plaintiff's Declaratory and Injunctive Relief Claims are also Barred by the Federal Courts Improvement Act of 1996 ("FCIA").

With regard to declaratory and injunctive relief, the Federal Courts Improvement Act of 1996 ("FCIA") amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                    Page 14 of 22

granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. In this case, Plaintiff fails to plead that a declaratory decree has been violated and that declaratory relief is unavailable. *Hunter v. Price,* 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) (Austin, J). Additionally, "[a]lthough judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, [Plaintiff] cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." See *LaBranche v. Becnel*, 559 F. App'x 290, 291 (5th Cir. 2014).

### f. Plaintiff's official capacity claims against Judges Sulak and Naranjo are subject to dismissal.

Plaintiff also sues the Defendant Judges in their respective official capacities. "Official capacity" suits are another way of pleading an action against an entity of which an official is an agent. *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 466-67 (5th Cir. 1999) citing *Monell vs. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978). As set forth above,[26] pursuant to the Fifth Circuit's holding in *Daves II*, Judge Sulak and Judge Naranjo's challenged actions in this case were actions taken by a judge "exercising state judicial power and thus acting for the state." *Daves II*, 22 F.4th at 543-544. As such, Plaintiff lack standing to assert such claims against the State of Texas or Travis County.

Further, to the extent Plaintiff attempts to assert his claims against Travis County, as in any suit against a municipal unit of government, an "official capacity" defendant can only be held liable for: (1) a custom, policy, or practice; (2) that was a "moving force" behind the constitutional violation; and (3) that custom, policy, or practice must have been created either by its lawmakers or by those whose "edicts or acts" fairly represent official policy. *Monell,* 436

---

[26] See, Summary of Argument, *supra* at 4; Section IV. (A.)(1.)(a.) at 8.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                                  Page **15** of 22

U.S. at 694. Whether an individual has policymaking authority is determined by state law. *Worsham v. City of Pasadena*, 881 F.2d 1336, 1342 (5th Cir. 1989).

For the reasons and authorities set forth more fully below, under the Fifth Circuit's holding in *Daves II,* Plaintiff's official capacity claims against Travis County based upon the alleged actions of the Defendant Judges with respect to Travis County's bail system must fail because the Defendant Judges' actions were taken on behalf of the state of Texas as judicial acts engaged in as part of the state judicial system.

### 2.  Plaintiff's Claims against Defendant Travis County are subject to dismissal.

#### a.  Plaintiff lacks Article III standing against Travis County.

As set forth in Section IV. (A.)(1.) (a.), above, in *Daves II,* the Fifth Circuit held that as a preliminary matter, if none of the named defendants were acting on behalf of Dallas County on bail matters, "there is no subject-matter jurisdiction under Section 1983 against the County for alleged constitutional violations resulting from the bail system, as it is only through the actions of these defendant officials that the County itself could be liable to the Plaintiffs." *Daves II,* 22 F.4th at 532.  In so ruling, the *Daves II* Court held that "Section 1983 litigation requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims. For purposes of Section 1983 personhood, it is state law that determines whether an official with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Id.* at 533. (Cleaned up.)  "A determination of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law.  . . . [W]e examine function, not funding, when deciding whether an official is acting for the state or local government in a case brought pursuant to Section 1983." *Id.*

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                     Page 16 of 22

Applying this analysis, as discussed in more detail in Section IV. (A.)(1.)(a.), above, the *Daves II* Court held that "when district judges made a bail schedule, they acted as officers of the state judicial system."  *Id.* at 540-541.  As state actors acting as officers of the state judicial system, their actions could not form the basis of § 1983 liability against the county.

Plaintiff also asserts § 1983 claims against Travis County by suing Defendant Sheriff Hernandez in her official capacity for her "bail detention system" under the Sixth and Fourteenth Amendments.  As discussed in *ODonell*, the Sheriff does not have policymaking authority with respect to the County's bail detention system pursuant to which § 1983 *Monell* liability can be imposed. *ODonnell,* 882 F.3d at 538, opinion withdrawn and superseded on reh'g sub nom. *ODonnell v. Harris Cty.,* 892 F.3d 147 (5th Cir. 2018) withdrawn and superseded on other grounds.  To the contrary, the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed "for want of bail." *Id.*; See Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional. *Id*. Accordingly, Sheriff Hernandez cannot be sued in her official capacity under § 1983 on the claims asserted by Plaintiff in this matter.  Plaintiff's conclusory claims against Defendant Texas State Senator Sarah Eckhardt, former Travis County Judge, fare no better.   Plaintiff fails to articulate any act by former County Judge Eckhardt that can be fairly traced to any constitutional injury he sustained.[27]

### b.   Plaintiff fails to state a claim against Defendant Travis County pursuant to *Monell.*

---

[27] See, Defendant Texas State Senator Sarah Eckhardt's First Amended Motion to Dismiss pursuant to FRCP 12(b)(6), filed contemporaneously herewith.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                     Page **17** of 22

Local governmental entities may be liable for monetary, declaratory, or injunctive relief for civil rights violations pursuant to § 1983 only in the limited circumstance a constitutional tort is caused through the execution of a policy or custom of the entity. *Monell,* 436 U.S. at 691. A governmental entity is not vicariously liable under § 1983 for their employees' actions. *Monell*, 436 U.S. at 691. Local governments are responsible only for "their own illegal acts." *Monell,* 436 U.S., at 665–683); *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.* 588 F.3d 838, 847 (5th Cir. 2009).

As detailed below, Plaintiff has failed to allege facts establishing a formal policy or widespread custom that was the moving force behind the alleged violation of his constitutional rights. Accordingly, his claims against Defendant Travis County should be dismissed. More specifically, Plaintiff has failed to allege facts sufficient to demonstrate how Travis County's bail system was the moving force behind the violation of any of his constitutional rights. Instead, he has plead conclusory facts regarding how other "black and latinx inmates" are affected by the Travis County bail system.

     c.  **Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*.**

In addition, Plaintiff has failed to allege any other instance of an attorney being jailed in violation of his constitutional rights in connection with a contempt of court proceeding. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.  Otherwise the

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                              Page **18** of 22

existence of the unconstitutional policy, and its origin, must be separately proved." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 841 (1985).  For the foregoing reasons, Plaintiff's *Monell* municipal liability claims against Travis County must be dismissed.

**3.  Plaintiff's claims for costs and attorney's fees are barred by 42 U.S.C. § 1988.**

Plaintiff seeks to recover "attorneys' fees and costs under 42 U.S.C. § 1983" for alleged federal due process violations by the defendant judges.[28] Plaintiff cites no authorities in support of this requested relief.  As noted above, Plaintiff's claims are barred under the FCIA.  In relevant part, § 1983, as amended by the Federal Courts Improvement Act of 1996 ("FCIA") provides:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983 (1996).

In addition, with respect to recovery of costs and attorneys' fees in connection with civil rights claims against judicial officers pursuant to 42 U.S.C. §1983, such claims are also barred by the express language of 42 U.S.C. § 1988(b), which provides in pertinent part,

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) Attorney's fees. Plaintiff offers nothing more than conclusory allegations which are insufficient to support such relief.  See, *Texas Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, No. CV 18-6610, 2018 WL 5773064, at *4 (E.D. La. Nov. 2, 2018), aff'd sub nom. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); *Corliss v. O'Brien,* 2005 WL 2334792, at *1 (M.D. Pa. Sept. 23, 2005), aff'd 200 F. App'x 80 (3rd Cir. 2006) (The FCIA

---

[28] See, Complaint, ECF No. 1 at pgs. 13 ¶33, 40 ¶135 and 44 ¶ K.

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                          Page **19** of 22

amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, and to preclude costs and attorney's fees in suits against the judiciary.)  For these reasons, Plaintiff's claims for recovery of costs and attorney's fees are barred.

V.

**PRAYER**

**WHEREFORE**, Defendant Judges Hon. Tim Sulak and Hon. Orlinda Naranjo and Defendant Travis County, Texas pray that their Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6) be granted and that Plaintiff's claims be dismissed for lack of jurisdiction and failure to state of claim for which relief can be granted.  For these reasons, Defendants pray that this Court grant their Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6) for lack of jurisdiction and failure to state a claim for which relief can be granted.  Defendants also request any and all further relief to which Defendants may be entitled, both at law and in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
ANTHONY J. NELSON
Assistant County Attorney
State Bar No. 14885800
tony.nelson@traviscountytx.gov
PATRICK T. POPE
Assistant County Attorney
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov
**ATTORNEY FOR DEFENDANTS**

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                Page **20** of 22

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Louis S. Sorola
SB No. 00794990
LAW OFFICE OF LOUIS S. SOROLA
1999 W JEFFERSON ST
BROWNSVILLE, TX 78520
(956) 504-2911
louis.sorola@yahoo.com

Elia Cornejo-Lopez
LAW OFFICE OF ELIA CORNEJO- LOPEZ
1040 FRONTAGE RD
BROWNSVILLE, TX 78520
(956) 909-6963
eclopezlaw@yahoo.com
**ATTORNEYS FOR PLAINTIFF,**
**OMAR W. ROSALES**

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
Assistant County Attorney

*Omar Rosales v. Travis County, et al.*
Defendants Tim Sulak, Orlinda Naranjo and Travis County, Texas' Second Amended Motion to Dismiss Pursuant to FRCP 12(b)(6)
1021295-7 / 374.18                                                                                              Page **21** of 22